## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| THE NAUGHTYS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:24-cv-00142 |
| v. | § | Judge Mazzant |
| | § | |
| THE INDIVIDUALS, BUSINESS | § | |
| ENTITIES, AND UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIED ON | § | |
| EXHIBIT 1, | § | |
| | § | |
| *Defendants.* | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff filed its Ex Parte Motion for, and Memorandum in Support of, Entry of a (1) Temporary Restraining Order, (2) Expedited Discovery Order, and (3) Asset Restraining Order (Dkt. #5). Additionally, Plaintiff requested preliminary injunctive relief (*See* Dkt. #5). After considering the motion and the relevant pleadings and holding a hearing, the Court finds that Plaintiff's request for preliminary injunctive relief should be **GRANTED** in part and **DENIED** in part, without prejudice.

## BACKGROUND

### I.    Factual History

Plaintiff, The Naughtys LLC ("Naughtys") has designed, manufactured, distributed, and sold Christmas ornaments since 1996 (Dkt. #1 at p. 3; Dkt. #5 at p. 9). Naughtys has obtained copyrights in its ornament sculpture designs for "Mr. Naughty Santa Claus," "Mrs. Naughty Santa Claus," "The Naughtys Covid Mr Santa Claus 3.2020," and "The Naughtys Covid Mrs

Santa Claus 3.2020" (collectively, the "Designs") (Dkt. #1 at p. 2). Indeed, Naughtys alleges it is the owner of all right, title, and interest in and to U.S. Copyright Registration No. VA0002058421 for the "Mr. Naughty Santa Claus" sculpture design, U.S. Copyright Registration No. VA0002058419 for the "Mrs. Naughty Santa Claus" sculpture design, U.S. Copyright Registration No. VA0002237579 for the "The Naughtys Covid Mr Santa Claus 3.2020" sculpture design, and U.S. Copyright Registration No. VA0002237338 for the "The Naughtys Covid Mrs Santa Claus 3.2020" sculpture design (collectively, the "Registrations") (Dkt. #1 at p. 3). Naughtys sells the copyrighted Designs online via etsy.com/shop/TheNaughtys and thenaughtys.com (Dkt. #1 at p. 4).

Naughtys has brought suit against Defendants, identified in Exhibit 1 of its Complaint, alleging that Defendants sold and continue to sell products that violate Naughtys' copyrights in its Designs (Dkt. #1 at pp. 1–2). Naughtys argues that Defendants have full knowledge of Naughtys' ownership and rights in the Designs, yet Defendants are using, advertising, distributing, selling, or offering the products for sale on interactive commercial webstores ("Infringing Webstores") using substantially similar imitations of the Designs (Dkt. #1 pp. at 4–5).

Naughtys submits the following comparison of Naughtys' Designs and the products allegedly sold by Defendants:



| **Plaintiff's Products & Designs** | **Examples of Defendants' Infringing Products** |
| --- | --- |

(Dkt. #1 at p. 5). Naughtys states it has never assigned or licensed its Registrations or rights to the Designs to any Defendants in this matter, nor has Naughtys ever signed any licensing agreements with any third parties to manufacture, distribute, or otherwise use its products or Designs (Dkt. #1 at p. 4).

## II.     Procedural History

Naughtys filed an ex parte motion for a temporary restraining order, asset restraining order, and an expedited discovery order on February 19, 2024 (Dkt. #5). Additionally, Naughtys requested preliminary injunctive relief (*See* Dkt. #5). On March 27, 2024, the Court entered an ex parte temporary restraining order and set a preliminary injunction hearing for April 10, 2024 (Dkt. #14). The order also granted Naughtys' request for an asset restraining order and expedited discovery (*See* Dkt. #14). On April 10, 2024, the Court found good cause to extend its previous ex parte temporary restraining order and reset the preliminary injunction hearing (*See* Dkt. #16). Under Federal Rule of Civil Procedure 65, the Court's ex parte temporary restraining order was

set to expire on April 24, 2024. On April 24, 2024, the Court held a preliminary injunction hearing (*See* 4/24/2024 Minute Entry).

At the preliminary injunction hearing, counsel for Naughtys appeared. The owner of Defendant GO-Deals, Huayi Lian ("Lian"), attended the hearing, but counsel for GO-Deals did not appear. All remaining Defendants (the "Remaining Defendants")[1] did not appear, and no responses were filed regarding the preliminary relief requested. Lian presented a statement opposing a preliminary injunction and an asset freeze at the hearing.[2] On the day of the hearing, the Court found good cause to extend the temporary restraining order for fourteen days to allow time to issue a decision on the preliminary injunctive relief requested (*See* Dkt. #22).

## LEGAL STANDARD

A party seeking a preliminary injunction must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Nevertheless, a movant "is not required to prove its case in full at a preliminary injunction hearing." *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985) (quoting *Univ. of Tex. v. Comenisch*, 451 U.S. 390, 395

---

[1] The Court differentiates between GO-Deals and the Remaining Defendants because Lian gave a statement as to his actions as owner of GO-Deals at the hearing, discussed *infra*. The Court presumes those actions are different from that of the Remaining Defendants. When discussing both GO-Deals and the Remaining Defendants collectively, the Court will refer to the parties as "Defendants".

[2] Because GO-Deals is an entity, it cannot represent itself in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993). At the preliminary injunction hearing, the Court communicated this point to Lian but allowed Lian to give a statement as to his actions as owner of GO-Deals.

(1981)). The decision whether to grant a preliminary injunction lies within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

## I.   Preliminary Injunction

The Copyright Act specifically authorizes the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[P]reliminary injunctions are a common judicial response to the imminent infringement of an apparently valid copyright." *Dall. Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979).

### A.  Likelihood of Success on the Merits

Naughtys has demonstrated a substantial likelihood of success on the merits of its copyright infringement claim. To assess likelihood of success on the merits, courts look to "standards provided by the substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir.1990). A movant must present a prima facie case. *Daniels Health Scis., LLC v. Vascular Health Scis.*, 710 F.3d 579, 582 (5th Cir. 2013) (citing *Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011)). A prima facie case does not mean Naughtys must prove that it is entitled to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

A plaintiff is likely to succeed on a claim for copyright infringement if the plaintiff can establish: (1) "ownership of the material and [(2)] copying by the defendant." *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991). "To establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that [the plaintiff] has complied with statutory formalities." *Id.* at 1007–08. There are two ways to prove copying: (1) with proof of direct

evidence of copying or (2) through circumstantial evidence demonstrating that the defendant had access to the copyrighted work and that the two works are "probatively" similar. *Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 141–142 (5th Cir. 2004). Access need not be shown in some cases where "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.* at 142.

### 1.  Ownership of a valid copyright

Naughtys has sufficiently shown ownership of a valid copyright at this stage. "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys.*, 379 F.3d at 141. Here, Naughtys submitted a copy of the Registration for each of the products alleged to be infringed upon by Defendants (*See* Dkt. #1, Exhibit 5). Defendants have not contended the validity of Naughtys' Registrations. Thus, Naughtys is substantially likely to succeed on the first element of its copyright infringement claim.

### 2.  Copying by the defendant

Naughtys has sufficiently alleged copying by the defendants. Naughtys claims that it has been creating and marketing Christmas ornaments since 1996, and the Designs are the most popular (Dkt. #5 at p. 9). This circumstantial evidence is substantially likely to demonstrate that Defendants had access to the Designs. Further, a review of Naughtys' Designs and Defendants' allegedly infringing products, as illustrated *supra*, indicates that the works are substantially likely to at least be probatively similar (*See* Dkt. #1, Exhibits 2–4; Dkt. #5 at p. 9). Therefore, Naughtys has shown that it is substantially likely to succeed on the second element of its copyright infringement claim.

For these reasons, Naughtys has shown that it is substantially likely to succeed on the merits of its copyright infringement claim.

### B.  Irreparable Harm

Next, Naughtys must demonstrate that it will likely suffer irreparable harm in the absence of preliminary relief. Irreparable harm requires a showing that (1) the harm to the plaintiff is imminent, (2) the injury would be irreparable, and (3) that the plaintiff has no other adequate legal remedy. *See Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). "[A] finding of irreparable harm is appropriate even where economic rights are involved when the nature of those rights makes 'establishment of the dollar value of the loss ... especially difficult or speculative.'" *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (finding that "price erosion, damage to ongoing customer relationships, loss of customer goodwill (e.g., when an effort is later made to restore the original price), and loss of business opportunities" support a finding of irreparable harm).

Naughtys argues that "Defendants' unauthorized reproduction of the Designs on [i]nfringing [p]roducts has and continues to irreparably harm [Naughtys] by depriving [it] of the ability to control use and licensing of its Designs, and by preventing [it] from enjoying the exclusive rights conferred by the Copyright Act" (Dkt. #5 at p. 10).

At the preliminary injunction hearing, Lian indicated there is no ongoing harm to Naughtys' rights or interests because Amazon promptly removed any listings of the alleged infringing products from GO-Deals' website. Moreover, Lian asserted his commitment to compliance with legal obligations and respect for intellectual property rights means he has no

intention to resume selling the allegedly infringing products. He also assured the Court that any remaining inventory has been disposed of or discontinued.

Based on Lian's assurance that GO-Deals has ceased selling all allegedly infringing products and has disposed of any remaining inventory of those products, the Court concludes that Naughtys has not demonstrated it will likely suffer irreparable harm in the absence of preliminary relief against GO-Deals at this time.[3] *See Naughtys LLC v. Does 1-580*, No. 4:21-CV-00492-O, 2021 WL 4205628 (N.D. Tex. June 9, 2021) (court declined to grant preliminary injunctive relief where the infringing products would no longer be advertised or sold). Therefore, a preliminary injunction is not appropriate as to GO-Deals.

As to the Remaining Defendants, because there has been no indication that any of the Remaining Defendants will cease selling the allegedly infringing products, Naughtys has shown it will likely suffer irreparable harm in the absence of preliminary relief against the Remaining Defendants. Therefore, the Court will consider the rest of the preliminary injunction factors as they relate to the Remaining Defendants.

### C. Balance of the Equities

When deciding whether to grant a preliminary injunction, "court[s] must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987). This element helps courts assess "the severity of the impact on defendant should the temporary injunction be granted and the hardship that would occur to plaintiff if the injunction

---

[3] If GO-Deals resumes selling the allegedly infringing products, Naughtys may seek injunctive relief against GO-Deals again at that time.

should be denied." 11A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2948.2 (3d ed. 2020).

Given that the requested preliminary injunction only precludes the Remaining Defendants from selling allegedly infringing products and allows them to otherwise continue selling their products, the Court finds that the risk of irreparable harm to Naughtys outweighs the minimal harm, if any, placed upon the Remaining Defendants. Accordingly, this factor favors issuance of a preliminary injunction. *See Prep Sols., Ltd. v. Leicht*, No. 222CV00123JRGRSP, 2022 WL 1812298, at *4 (E.D. Tex. June 2, 2022) (citing *Olan Mills, Inc. v. Eckerd Drug of Tex., Inc.*, No. CA3-88–0333–D, 1988 WL 161314, at *3 (N.D. Tex. Dec. 14, 1988) (finding that a defendant will suffer minimal hardship if enjoined from further infringement of plaintiff's copyright when the injunction permits defendant to "continu[e] other types of [business]")).

### D.  Public Interest

Finally, Naughtys must show that granting this injunction would not disserve the public interest. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger*, 456 U.S. at 312 (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941)). "[I]mplicit in copyright ... law[ ]" is the policy judgment "that the public's interest in competition may be outweighed by the public's interest in preserving rights in intellectual property." *Allied Mktg.*, 878 F.2d at 810 n.1. Here, Naughtys has shown a substantial likelihood that it owns a valid copyright in its Designs. Therefore, the public's interest in preserving Naughtys' alleged rights in its Designs outweighs any interest the public has in competition. Accordingly, this factor weighs in favor of granting a preliminary injunction.

For the foregoing reasons, Naughtys has satisfied the requirements for a preliminary injunction against the Remaining Defendants.

## II.    Asset Freeze

"[A]n asset freeze by preliminary injunction is an appropriate method to assure the meaningful, final equitable relief sought." *Tisino v. R & R Consulting & Coordinating Grp., L.L.C.*, 478 F. App'x 183, 185 (5th Cir. 2012) (citing *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 561 (5th Cir. 1987)). "A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009); *see also Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 707 (S.D. Tex. 2002); *Prep Sols., Ltd. v. Leicht*, No. 2:22-CV-00123-JRG-RSP, 2022 WL 1812298, at *2 (E.D. Tex. June 2, 2022). "Once a plaintiff has demonstrated entitlement to an asset freeze and made a showing of profits attributable to infringement earned by the defendant, the burden shifts to the defendant to show what, if any, assets are exempt from the freeze on the ground that they are not linked to the profits of the allegedly infringing activity." *Prep Sols.*, 2022 WL 1812298, at *2.

Naughtys asserts that an asset freeze is critical to maintain the status quo and preserve its right to an equitable accounting because "Defendants hold most of their assets in China (Ex. 1 ¶ 14) making it easy to hide or dispose of assets" (Dkt. #5 at p. 14). Moreover, Naughtys has submitted evidence that Defendants are selling the allegedly infringing products online such that Defendants are earning profits attributable to the infringement (*See* Dkt. #1, Exhibits 2–4).

At the preliminary injunction hearing, Lian indicated that an asset freeze would disproportionately impact his ability to conduct business operations and meet his financial

obligations, which could jeopardize his business. However, Lian conceded that, as to the allegedly infringing product sales, GO-Deals' sales volume totaled less than $500. He then requested that the Court lower the amount of the asset freeze to $1000.00. Though the Court has declined to grant a preliminary injunction against GO-Deals, the Court recognizes Naughtys' concern regarding any potential drain on accounts owned by GO-Deals. Therefore, GO-Deals shall transfer $1000.00 to its counsel's IOLTA account no later than May 3, 2024, to ensure that, should Naughtys prevail, the alleged actual damages will be available.

As to the Remaining Defendants, the Court finds that an asset freeze is appropriate as part of the preliminary relief sought.

## CONCLUSION

It is **ORDERED** that Plaintiff's request for preliminary injunctive relief is hereby **GRANTED** as to all Individuals, Business Entities, and Unincorporated Associations Identified on Exhibit 1, with the exception of GO-Deals ("Exhibit 1 Defendants").

Therefore, it is **ORDERED**:

1. Exhibit 1 Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:
   a. using, reproducing, displaying, or enabling others to use, reproduce, or display any copies or derivative works based on Plaintiff's copyrighted works, including, without limitation, the designs known as "Mr. Naughty Santa Claus," "Mrs. Naughty Santa Claus," "The Naughtys Covid Mr Santa Claus 3.2020" and "The Naughtys Covid Mrs Santa Claus 3.2020" appearing in Exhibit 4 of Plaintiff's Original Complaint (Plaintiff's "Designs"), other imitations of Plaintiff's Designs, or works that otherwise infringe on Plaintiff's copyright registrations in the Designs (Plaintiff's "Registrations") appearing in Exhibit 3 of Plaintiff's Original Complaint;
   b. moving, relocating, or otherwise disposing of any funds currently located in Exhibit 1 Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, and Western Union;

c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Exhibit 1 Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Designs; and

d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

2. Each Exhibit 1 Defendant, within 14 days after receiving notice of this Order, shall serve on Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) all of their associated financial accounts, including but not limited to all Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc. accounts; (d) the quantity of products that they have sold using Plaintiff's Designs ("Infringing Products"); (e) the location to where each Infringing Product was shipped; and (f) the steps taken by each Exhibit 1 Defendant to comply with paragraphs 1(a)–(d) above.

3. Exhibit 1 Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Exhibit 1 Defendants until further ordered by this Court.

4. All banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Payoneer, Stripe, WorldFirst, Western Union, etc. or other merchant account provider, payment provider, third party processor, credit card association (i.e. MasterCard and VISA) that receive payments or hold assets on Exhibit 1 Defendants' behalf, as well as any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Exhibit 1 Defendants (all of the foregoing, collectively, "Third Party Providers") and their affiliates are ordered to, within two business days of receipt of this Preliminary Injunction, locate all accounts and funds connected to the Exhibit 1 Defendants identified in Exhibit 1 of Plaintiff's Original Complaint, and block all money transfers and funds from being transferred by such Exhibit 1 Defendants until further ordered by this Court. Any funds currently restrained by the temporary restraining order issued in this case (Dkt. #14) shall also remain thus restrained pending further order of this Court.

5. Plaintiff shall provide notice of this Preliminary Injunction to Exhibit 1 Defendants by sending an email to the email addresses provided for Exhibit 1 Defendants by third parties hosting Exhibit 1 Defendants' webstores, such as Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Shopify, Temu, Walmart, Wish, etc. Providing notice via email, along with any notice that Exhibit 1 Defendants receive from the Third-Party Providers, shall

constitute notice reasonably calculated under all circumstances to apprise Exhibit 1 Defendants of this Preliminary Injunction.

6. This Preliminary Injunction shall apply to the Infringing Webstores, websites, and any other domain names properly brought to this Court's attention and verified by sworn declaration that verifies such new webstores or domain names are being used by Exhibit 1 Defendants for the purpose of infringing Plaintiff's intellectual property rights.

It is further **ORDERED** that Plaintiff's request for preliminary injunctive relief is hereby

**DENIED** without prejudice as to Defendant GO-Deals.

It is further **ORDERED** that Defendant GO-Deals shall transfer $1000.00 to its counsel's

IOLTA account no later than May 3, 2024.

**IT IS SO ORDERED.**

 **SIGNED this 1st day of May, 2024.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE